United States District Court
Southern District of Texas
**ENTERED**
December 07, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| RONALD LEE CONVERSE, ET AL., | § § § § § § § § § § | |
| Plaintiffs. | | |
| VS. | | CIVIL ACTION NO. 3:15-cv-00105 |
| CITY OF KEMAH, TEXAS, ET AL., | | |
| Defendants. | | |

## ORDER AND OPINION

Family members of Chad Ernest Lee Silvis ("Silvis") sued the City of Kemah ("City") and several of its police officers under 42 U.S.C. § 1983 after Silvis committed suicide in a jail cell by hanging himself with a blanket that one of the officers gave him.[1] Plaintiffs contend that the police officers were deliberately indifferent to Silvis's serious medical needs in violation of the Fourteenth Amendment.

On October 26, 2021, I issued an order denying Plaintiffs' request to conduct additional discovery before Defendants moved for summary judgment, finding that Plaintiffs "failed to articulate what particular discovery [was] necessary to decide qualified immunity." Dkt. 108 at 1. Defendants filed their motion for summary judgment on November 12. *See* Dkt. 109. In support, Defendants included the sworn declaration of each Defendant. *See* Dkts. 109-1, 109-2, 109-3, and 109-4. Defendants each unequivocally stated that they had no reason to believe Silvis would likely harm himself inside his cell. To varying degrees, Defendants also discussed whether they were taught how to handle or knew of a written policy that concerned how to handle suicidal inmates.

On November 21, Plaintiffs again requested that I allow them to conduct additional discovery under Federal Rule of Civil Procedure 56(d). *See* Dkt. 112.

---

[1] The City and several law enforcement officers have been dismissed from the case. The remaining defendants are Officers James Melton, Marcus Way, Reuben Kimball, and Anna Marie Whelan.

Specifically, Plaintiffs urge me to allow them to depose Defendants and conduct a Rule 30(b)(6) deposition of a City official to testify as to its police department's jail and suicide procedures, practices, and training. *See* Dkts. 112 and 112-1. Plaintiffs argue that they cannot adequately oppose Defendants' motion for summary judgment without this discovery because the requested depositions: (1) "are necessary to generate admissible evidence as to Defendants' subjective intent"; and (2) refute "Defendants' self-interested declarations" and create a material fact issue. Dkt. 112 at 6.

Rule 56(d) allows a district court to deny or continue a summary-judgment motion so that a party might have additional time to gather evidence to oppose the motion. *See* FED R. CIV. P. 56(d). This rule protects a party opposing a summary judgment who, for valid reasons, cannot present facts essential to justify its opposition to the motion. In this Circuit:

> Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose. Nevertheless, non-moving parties requesting Rule 56(d) relief may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts. Instead, the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.

*Am. Fam. Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (cleaned up). Moreover, "because qualified immunity 'is an *immunity from suit* rather than a mere defense to liability,' [district courts] should limit the extent of discovery if it is avoidable." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Without question, Plaintiffs should be allowed to depose Defendants. *See Blackwell Publ'g, Inc. v. Excel Rsch. Grp.*, LLC, 07-12731, 2008 WL 506329, at *1 (E.D. Mich. Feb. 22, 2008) ("[I]t is axiomatic that when a party files an affidavit or declaration in support of a motion for summary judgment under Fed. R. Civ. P. 56, the opposing party has the right to depose the affiant or declarant on the assertions

2

made."). Courts across the country "have recognized that 56(d) relief is warranted when the moving party files a declaration in support of summary judgment but does not make the declarant available for cross-examination to the non-moving party." *Smith v. L.A. Unified Sch. Dist.*, CV162358PSGRAOX, 2017 WL 10562961, at *2 (C.D. Cal. June 9, 2017).[2]

I am mindful that "close control of discovery is essential to the preservation of meaningful official immunity." *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 369, 382 (5th Cir. 1987). However, cutting off a plaintiff's opportunity to conduct discovery

---

[2] *See Marksberry v. FCA US LLC*, No. 19-2724-EFM, 2021 WL 2407579, at *4 (D. Kan. June 11, 2021) ("Although it may (or may not) be true that summary judgment could be granted for FCA even without the [declarants' testimony], FCA nonetheless has submitted sworn declarations to 'bolster' its summary-judgment position. Since FCA has not withdrawn the declarations for consideration, plaintiff was entitled to the opportunity to depose witnesses whose statements would be used in support of summary judgment against him." (cleaned up)); *Ramos v. ADR Vantage, Inc.*, No. 18-cv-01690 (APM), 18-CV-01690 (APM), 2020 WL 7136840, at *3 (D.D.C. Dec. 7, 2020) (granting Rule 56(d) motion, explaining that "it would be inappropriate for the court to presume that [the declarant's] deposition will not yield *any* testimony that will be helpful to [plaintiff]," and "The only way to determine what [the declarant's] testimony will be is to allow [plaintiff] to depose him."); *Jeffcoat v. Lamar Props. LLC*, No. 6:20-CV-00557, 2020 WL 6810889, at *2 (W.D. La. Nov. 19, 2020) (granting Rule 56(d) motion to depose affiant whose testimony was included as an exhibit to defendant's motion for summary judgment); *Nazomi Commc'ns, Inc. v. Nokia Corp.*, No. 5:10-CV-04686 RMW, 2012 WL 892334, at *3 (N.D. Cal. Mar. 14, 2012) (granting Rule 56(d) motion where plaintiff argued it was "entitled to depose the declarants who offer statements in support of the instant motion for summary judgment"); *Metro. Life Ins. Co. v. Bancorp Servs., L.L.C.*, 527 F.3d 1330, 1337 (Fed. Cir. 2008) ("The district court's refusal to allow depositions cannot be defended on the ground that the Janssen and Lang declarations were credible, as the district court appeared to do."); *Jones v. Hollenback*, No. CV F 05 0148 OWW DLB, 2006 WL 8458647, at *4 (E.D. Cal. Feb. 8, 2006) (finding "defendant [was] entitled to depose" plaintiff who submitted an affidavit in support of summary-judgment motion, observing that plaintiff "appear[ed] to have first hand [sic] knowledge of the incident which [was] at the center of this case and . . . appear[ed] to be prepared to offer testimony which directly conflict[ed] with defendant's version of the facts"). *See also Gramercy Grp., Inc. v. D.A. Builders, LLC*, No. CV 16-00114 JMS-KSC, 2017 WL 5230925, at *3 (D. Haw. Nov. 9, 2017) ("Even if [Declarant A] provided sufficient information, Defendants would nevertheless be entitled to depose [Declarant B] . . . . to elicit her personal knowledge about her attestations, which may differ from [Deponent A's] personal knowledge. [Declarant A's] testimony is not an adequate substitute, as he is unable to testify about [Declarant B's] knowledge.").

about factual issues that underlie a claim of immunity simply because a motion for summary judgment has been filed is problematic. Of course, district courts may deny a discovery request if it is apparent that the requested discovery would not assist the plaintiff in opposing summary judgment. *See Paul Kadair, Inc. v. Sony Corp. of Am.*, 694 F.2d 1017, 1029–30 (5th Cir. 1983) ("[A] plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by plaintiff to withstand a Rule 56(e) motion for summary judgment."). But that is not the case here.

The summary-judgment stage provides a defendant with another opportunity to argue the merits of his or her immunity defense, and Defendants have moved for summary judgment on that ground. *See* Dkt. 109. In support of their motion, Defendants have submitted sworn declarations which, if taken as true, establish (at least in their view) that they did not act with substantial indifference and are, therefore, entitled to qualified immunity; however, their declarations present one version of the facts needed to determine whether qualified immunity applies in this case.

Taking Defendants' depositions will allow Plaintiffs to test the credibility and context of these statements and, therefore, likely produce facts that will inform the Court's decision on summary judgment. It is entirely possible Defendants' live testimony tracks their written testimony. But it would be manifestly unfair to permit a party claiming immunity to make his or her own factual submission to the Court and then prevent the opposing party from testing that factual submission through the discovery process. By introducing their own testimony regarding their subjective knowledge and intent, Defendants have opened the door for Plaintiffs to test that testimony by deposition. *See Davis v. Kirkham*, 4:20-CV-74-DMB-JMV, 2021 WL 4392077, at *2–5 (N.D. Miss. Sept. 24, 2021) (allowing plaintiff to depose three officer-defendants regarding information in their declarations submitted in support of defendants' motion for summary judgment based on qualified immunity); *Wilfong v. Hord*, No. CS-05-746, 2007 WL 1057396, at *2 (S.D. Ohio Apr. 4, 2007) (finding

that because defendant, a state prosecutor who invoked absolute prosecutorial immunity, submitted an affidavit in support of his summary-judgment motion, plaintiff was entitled to test the credibility and context of the statements in his affidavit).

As for Plaintiffs' request to depose a City official, Plaintiffs argue that a Rule 30(b)(6) deposition "is necessary to provide context of the procedures, practices, and training with which Defendants would have been familiar to effectively question the Defendants themselves and determine their subjective knowledge and intent during the events in this case." Dkt. 112-1 at 4. I agree.

A critical issue in this case is whether Plaintiffs can show that Defendants "knew of the substantial *risk* that Silvis would die or seriously injure himself." *Converse v. City of Kemah*, 961 F.3d 771, 776–77 (5th Cir. 2020). *See also Lawson v. Dall. Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002) ("The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the jail officials were actually aware of the risk, yet consciously disregarded it.").

Defendants all testified they had no reason to suspect Silvis would likely harm himself inside the cell, *see* Dkts. 109-1 at 4, 109-2 at 3, 109-3 at 3, 109-4 at 2, and that the police station's video and in-person monitoring system were, in their minds, a sufficient safeguard against this type of tragedy. *See* Dkts. 109-1 at 4–6, 109-2 at 4–5, 109-3 at 3–4, 109-4 at 3. Moreover, two Defendants—including the officer who was supposedly responsible for monitoring the video feed of Silvis's cell when he committed suicide—testified they were aware that Kemah police department administrative regulations prohibited officers from providing a suicidal person access to a blanket inside a cell, *see* Dkts. 109-4 at 4, 109-3 at 5, while the officer who actually gave Silvis the blanket testified that he was "not taught . . . to deny a blanket to a detainee who . . . had attempted suicide before his detention." Dkt. 109-2 at 5.

In my mind, Defendants' testimony places the police department's jail-related suicide procedures, practices, and training squarely in the crosshairs. That is, information concerning the City's policies for suicidal inmates is necessary to

"effectively question the Defendants . . . and determine their subjective knowledge and intent during the events of this case." Dkt. 112-1 at 4.

Although a district court's discovery order to develop facts in a qualified-immunity case must be "narrowly tailored to uncover only those facts needed to rule on the immunity claim," *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quotation omitted), "qualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). I do not see how deposing Defendants and a City representative is avoidable now that Defendants have introduced their testimony into the record. With that said, the deposition of the City official is not a free-for-all; Plaintiffs must limit the scope of their questions to those that relate to jail-related suicide procedures, practices, and training.[3]

\*\*\*

Plaintiffs' motion for continuance (Dkt. 112) is **GRANTED**. Plaintiffs shall depose Defendants and a City-designated official by Friday, January 21, 2022. Plaintiffs' response to Defendants' motion for summary judgment is due Friday, February 11, 2022.

SIGNED this 7th day of December 2021.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[3] Please let my case manager know when the depositions are scheduled. In the event there are any disputes as to the scope of the depositions, I will do my best to make myself available to resolve those disputes during a break in the deposition testimony.